IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR253 |
| v. | |
| DAVID BURGESS, | ORDER |
| Defendant. | |

This matter is before the Court on David Burgess's ("Burgess") Motion to Reduce Sentence (Filing No. 179) pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 3582(c)(1)(A) authorizes federal prisoners to move the Court to "reduce [their] term of imprisonment" for "extraordinary and compelling reasons." But a prisoner can only file such a motion *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*; *see also United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (explaining "[t]his requirement is a mandatory claim-processing rule").

Burgess does not state whether he has requested that the warden of his facility file a motion for compassionate release on his behalf. *See* § 3582(c)(1)(A)(i). Burgess's failure to show he has complied with § 3582(c)(1)(A)(i)'s statutory prerequisites to judicial review "presents a glaring roadblock foreclosing compassionate release at this point." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (finding strict statutory compliance necessary, particularly given the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread").

Accordingly, Burgess's motion for compassionate release is denied without prejudice to refiling when he can show he has met either statutory requirement.

IT IS SO ORDERED.

Dated this 11th day of February 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge